IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RYAN JOHANSEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:24-cv-1149-STA-jay |
| ) | |
| SGT. DARBY ADDISON DRINKARD, ) | |
| ASHLEY HOLLINGSWORTH, ) | |
| JUDGE VAN MCMAHAN, ) | |
| KEVIN RALPH, and ) | |
| TENNESSEE HOMELAND SECURITY, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 10, 17)
ORDER ON APPELLATE ISSUES**

On January 15, 2025, the United States Magistrate Judge issued a report and recommendation (ECF No. 18), recommending that the Court grant two Motions to Dismiss, the first filed by Defendants Ashley Hollingsworth, Van McMahan, and Kevin Ralph (ECF No. 10) and the other filed by Defendants Darby Addison Drinkard and Tennessee Homeland Security (ECF No. 17). Each Motion seeks the dismissal of Plaintiff Ryan Johansen's Pro Se Complaint alleging that Defendants conspired to deprive Johansen of his civil rights in violation of 42 U.S.C. § 1983. Plaintiff has filed objections to the report and recommendation (ECF No. 23), albeit outside of the time allowed for objections. Defendants Tennessee Homeland Security and Drinkard have responded to Plaintiff's untimely objections. For the reasons set forth below, the Court **ADOPTS** the report and recommendation and **GRANTS** both Motions to Dismiss.

1

## BACKGROUND

Plaintiff initiated this case by filing a Pro Se Complaint (ECF No. 1) on September 14, 2024. The Magistrate Judge has provided in his report the following summary of Plaintiff's allegations, to which Plaintiff has not raised any specific objection. Therefore, the Court adopts that portion of the report as the findings of the Court.

On September 19, 2023, Defendant Sergeant Darby Addison Drinkard of the Tennessee Department of Safety and Homeland Security ("TSHS") initiated a traffic stop of Johansen's vehicle in McNairy County, Tennessee. According to Johansen, Sgt. Drinkard "deprived [him of his] right to travel" because he was "not operating in commerce." Pro Se Compl. at 2. When Sgt. Drinkard asked Johansen to produce his driver's license, Johansen replied that "speeding is not a crime according to Supreme Court Rulings." *Id.* Sgt. Drinkard then, as characterized by Johansen, "illegally reach[ed] into [his] conveyance" and threatened to "kidnap" him for "failure to [show] ID." *Id.* Johansen ultimately relented and produced his ID. *Id.* at 3. Sgt. Drinkard issued Johansen a citation for speeding and for failure to prove financial responsibility. *Id.* at 2. The citation directed Johansen to appear in the McNairy County General Sessions Court on November 3, 2023, or to pay the ticket by mail. ECF No. 10-2 at 2, PageID 38.

Instead of opting for the court date or simply paying the fine, Johansen mailed the court a document he describes as an "affidavit of truth." *Id.* at 3. The document demanded that the court provide "proof of claim, copy of designation of authority (doao) [sic], oath of office for the claimant, prosecutor, the Judge and the Clerk." *Id.* The document also contained a request that a certified copy of the case file and evidence be sent to Johansen. *Id.* Johansen placed a ten-day deadline upon the court to comply with his request and cautioned the court that if his demands were not met, then he would consider the court to be in default and the matter against him settled

and dismissed. *Id*. After not receiving a response from the court within the deadline he imposed, Johansen deemed the case against him to be dropped and did not appear in court as he had been directed to in the citation. *Id*.

Soon thereafter, Johansen received a letter from the TSHS stating that he had failed to appear in court for the traffic citation and that if he did not satisfy the citation within thirty days, then his driving privileges would be suspended. *Id*. The letter informed Johansen that his new court date was March 1, 2024. *Id*. Johansen appeared in court on March 1, 2024, and "claim[ed] common law jurisdiction in court and [moved] to dismiss [the] case due to no injured party and no injured party [being] present." *Id*. The Hon. Van McMahan, McNairy County General Sessions Judge, continued the case until May 3, 2024. *Id*.

Johansen returned to court on May 3, 2024. *Id*. Johansen stated to the court that he did not understand the proceedings and questioned the court's jurisdiction. *Id*. Johansen alleges that he questioned Judge McMahan "to disclose the nature and cause of the case." *Id*. at 3–4. According to Johansen, Judge McMahan "became irritated and stated that 'this was not law school—he didn't have time for it.'" *Id*. at 4 (internal quotations added). Judge McMahan asked Johansen how he wished to plead to the charges to which Johansen replied, "I do not consent to proceedings. I will not give a plea." *Id*. Johansen was asked again how he wished to plead and "replied in the form of a demure with the intent to transfer the case to federal court." *Id.* Johansen alleges that Judge McMahan cut him off while he was speaking and started the trial against him by swearing in Sgt. Drinkard. *Id.* Johansen also alleges that Defendant Kevin Ralph, the bailiff of the McNairy County General Sessions court, told him in an authoritative tone not to talk over Judge McMahan while he was speaking and then intimidated Johansen by standing behind him during the hearing. *Id.* The hearing was eventually continued so that Johansen could provide proof his son was hospitalized

3

when he was ticketed for speeding. *Id.* [1]

      Johansen's suit alleges that each Defendant conspired to deprive him of his constitutional rights by means of a "fraudulent court case." *Id*. at 5. Johansen seeks unspecified monetary damages, court fees, and damages for pain and suffering. *Id.* Johansen also requests that the Court order the state to drop the speeding ticket and any other charges and to waive all fines. *Id.* Johansen also requests that this Court remove all Defendants from their offices "without any chance to hold office in the future" and that each defendant be criminally prosecuted. *Id.* Finally, Johansen seeks "[t]he release of any bonds made in the name of the Plaintiff Ryan Johansen fraudulently made by McNairy County General Sessions to the Plaintiff Ryan Johansen." *Id*.

      The Magistrate Judge concluded that each Defendant was entitled to some form of immunity. The Magistrate Judge recommended that the Court dismiss Judge McMahan because he is entitled to absolute judicial immunity from suit. Likewise, Hollingsworth and Ralph are entitled to quasi-judicial immunity. The Magistrate Judge also reasoned that Sgt. Drinkard and TSHS are immune from suit under the Eleventh Amendment. The Magistrate Judge has recommended then that the Court dismiss the suit in its entirety and decline to reach the issues related to Defendants' claims of insufficient service of process and the Pro Se Complaint's failure to state a plausible claim for relief.

---

[1] Apparently Johansen returned to court on July 19, 2024, after he filed suit. According to the McNairy County General Sessions Court judgment sheets submitted as exhibits to one of the Motions to Dismiss, the financial responsibility charge was dismissed during the May 3, 2024, hearing, and Johansen was found guilty of speeding. ECF No. 10-2 at 1, PageID 37. The court imposed a ten dollar fine against Johansen but gave him thirty days to submit proof of an "ER visit." *Id.* Later, the judgment was amended, and the speeding charge was dismissed with a note that appears to be dated August 19, 2024, stating "upon proof of child in medical care." ECF No. 10-3 at 1, PageID 39.

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for the management of all pretrial matters. The Magistrate Judge has recommended that the Court dismiss the case for lack of subject-matter jurisdiction because each Defendant named in the suit is entitled to immunity.

"Pro se complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts

5

from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## **ANALYSIS**

As a threshold question, Plaintiff has filed objections to the Magistrate Judge's report and recommendation but outside of the time limit for making objections. A party has 14 days "after being served with" a report and recommendation to "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Thomas*, 474 U.S. at 151. "As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to [the Court of Appeals] if it fails to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Arn*, 474 U.S. at 147-50).

In this case, Johansen had 14 days from the service of the Magistrate Judge's report and recommendation in which to file his objections. The Magistrate Judge issued the report and recommendation on January 15, 2025. The Magistrate Judge concluded his report with the following cautionary language: "Failure to file objections within fourteen (14) days may constitute waiver and/or forfeiture of objections, exceptions, and further appeal." The Clerk of Court served Johansen with the report and recommendation by U.S. mail, meaning service was complete as soon as the Clerk mailed the report. *See* Fed. R. Civ. P. 5(b)(2)(C). Johansen's objections were due 14

6

days later on January 29, 2025. Even giving Johansen the benefit of three additional days to respond provided under Rule 6(d), Johansen's objections were due no later than Monday, February 3, 2025. Johansen filed his objections at or around midnight on Friday, February 7, 2025, by emailing his brief to the Clerk of Court. Clearly, Johansen's objections are late. Johansen's failure to make timely objections means he has waived any objection to the report and recommendation.[2]

Furthermore, much of the information contained in the objections Johnson did file do not articulate a specific objection to the Magistrate Judge's recommended disposition of the case. The Sixth Circuit has held that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency. *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In this case, however, Johansen's memorandum does not zero in on any specific issue of contention related to the Magistrate Judge's reasoning about each Defendant's immunity from suit. Even reading the brief liberally, Johansen doubles down and simply reiterates a series of unorthodox premises on which his case rests:

- That Johansen "only recognizes the 1787 Constitution as the 'Law' of the land";

- That the traffic stop at issue was an infringement of Johansen's right to travel because he was "traveling in private";

- That any law setting a speed limit or requiring proof of insurance are the "statutes and codes on behalf of [a] foreign state"; and

- That Sgt. Drinkard acted outside the scope of her duties by initiating the traffic stop and ordering Johansen out of his vehicle and thereby engaged in piracy.

---

[2] It is true that Johansen filed a motion for extension of time (ECF No. 19) on January 17, 2025, not for the purpose of receiving more time to file objections but for the purpose of curing errors in the summons and service of process. Even construing the motion for extension in a light most favorable to Johansen, nothing in the paper can be construed as a request for more time to object to the report and recommendation.

7

Taken as a whole, Plaintiff's overly long memorandum is nothing more than a general objection to the Magistrate Judge's recommendation.

As already noted, the Court need not review any recommendation to which no specific objection is made. *Arn*, 474 U.S. at 150.

> A general objection to the entirety of the magistrate [judge]'s report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard*, 932 F.2d at 509 (citing *Arn*, 474 U.S. at 148). To the extent that most of Plaintiff's memorandum fails to raise specific and focused objections, the Court declines to comb through Plaintiff's brief and attempt to divine each and every possible objection to the Magistrate Judge's report and recommendation Plaintiff might have raised. Therefore, the Court holds that Plaintiff has failed to show with specificity which conclusion in the report and recommendation the Court should reject.

Putting aside the fact that Johansen did not make timely, specific objections and arguably waived any objection he could have raised to the report and recommendation, the Court finds no error in the Magistrate Judge's recommended disposition. Based on its own de novo review of the Pro Se Complaint and the entire record of the proceedings, the Court holds that each Defendant is entitled to immunity from Johansen's claims. First, Judge McMahan is obviously entitled to judicial immunity. Judges have absolute judicial immunity from suits against them arising out of their performance of judicial functions, "even when the judge is accused of acting maliciously or

8

corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966, at *1–2 (6th Cir. Aug. 2, 2022) (affirming the dismissal *sua sponte* of a claim against a judge as frivolous and implausible). The Pro Se Complaint merely alleges that Judge McMahan presided over the case involving Johansen's speeding citation. Because Judge McMahan was performing his judicial duties, he has immunity from suit.

Next, both Hollingsworth (in her capacity as clerk of court) and Ralph (in his capacity as bailiff) are entitled to quasi-judicial immunity. "Absolute quasi-judicial immunity extends . . . to 'those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). A court clerk is entitled to quasi-judicial immunity if her alleged acts were judicial in nature and she did not act in "a complete absence of jurisdiction." *Hopson v. Hunt*, 2023 WL 9422323, at *2 (6th Cir. May 30, 2023) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam)). The Pro Se Complaint alleges that Hollingsworth conspired with Sgt. Drinkard to bring a criminal charge against Johansen. Although Johansen alleges no particulars of the conspiracy, it is clear that he seeks to hold Hollingsworth liable for acts of a judicial nature and undertaken as part of the jurisdiction exercised by Judge McMahan in the McNairy County General Sessions Court.

As for Bailiff Ralph, a "bailiff or an officer acting in that capacity enjoys absolute quasi-judicial immunity for actions specifically ordered by the trial judge and related to the judicial function." *Riley v. Hall,* No. 3–10–0598, 2011 WL 1328864 at *5 (M.D. Tenn. Apr. 5, 2011) (quoting *Martin v. Hendren,* 127 F.3d 720, 721 (8th Cir. 1997)). Nothing in the Pro Se Complaint indicates that Ralph did anything other than carry out his role as a courtroom bailiff assisting Judge

McMahan as part of the judicial proceedings against Johansen.  The Court concludes then that quasi-judicial immunity shields Ralph from liability.

Finally, TSHS as a department of the State of Tennessee enjoys sovereign immunity under the Eleventh Amendment.  "[N]either a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  The Supreme Court has held that "persons acting in their official capacities on behalf of the State from the scope of § 1983 altogether, thereby eliminating the need for a court to undertake any sort of immunity analysis with respect to such a claim[.]"*Gean v. Hattaway*, 330 F.3d 758, 766–67, 2003 WL 21295019 (6th Cir. 2003).  The Pro Se Complaint names TSHS, a department of the State of Tennessee, and Sgt. Drinkard as Defendants and alleges that Sgt. Drinkard carried out the traffic stop and issued a citation to Johansen in her capacity as a state law enforcement officer. Neither TSHS nor Sgt. Drinkard can be held liable under § 1983 for the alleged violation of Johansen's rights.

Johansen argues in his objections that he is suing Sgt. Drinkard in an individual capacity, and therefore the doctrine of sovereign immunity does not apply.  Even assuming that the Pro Se Complaint states an individual capacity claim against Sgt. Drinkard (and Sgt. Drinkard does not concede the point), nothing in Johansen's allegations suggests that Sgt. Drinkard violated Johansen's constitutional rights.  Johansen does not deny that he was speeding. His theory of the case is that he was somehow entitled to exceed the legal speed limit because he was not traveling in interstate commerce.  That proposition is patently frivolous.  So even if Johansen had alleged a claim against Sgt. Drinkard in her individual capacity, the Pro Se Complaint fails to allege the violation of Johansen's constitutional rights.

Based on its *de novo* review of the Magistrate Judge's report and recommendation and

10

Plaintiff's objections, though untimely and largely lacking in specificity, the Court **ADOPTS** the Magistrate Judge's report and recommendation and **GRANTS** the Motions to Dismiss. The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Johansen to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, each Defendant's immunity from suit and Johansen's failure to allege a violation of his constitutional rights, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[3] of the filing of the notice of appeal or the entry of this

---

[3] The district court may extend this deadline one time by thirty (30) days if the motion to

order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

    **IT IS SO ORDERED.**

                                  **s/ S. Thomas Anderson**
                                  S. THOMAS ANDERSON
                                  UNITED STATES DISTRICT JUDGE

                                  Date: March 31, 2025

---

extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.